IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § § § § § § | |
| Plaintiff/Appellee, | | CRIMINAL NO. 1:20-CR-34-RP |
| v. | | |
| ANDRE R. DEGARZA, | | APPEAL FROM: 1:19-MJ-719-ML |
| Defendant/Appellant. | | |

**ORDER**

Defendant Andre R. DeGarza ("DeGarza") appeals his conviction for violating 38 C.F.R. § 1.218(a)(5) from a bench trial before United States Magistrate Judge Mark Lane. After considering the record, the parties' arguments, and the relevant law, the Court affirms DeGarza's conviction.

**I. BACKGROUND**

On January 16, 2020, Judge Lane held a bench trial[1] and found DeGarza guilty of violating 38 C.F.R. § 1.218(a)(5),[2] which prohibits disturbances at Department of Veterans Affairs ("VA") facilities. *United States v. DeGarza*, No. 1:19-MJ-719-ML (W.D. Tex. filed Jan. 21, 2020) (Am. Judgment, Dkt. 29, at 1). The same day, he was sentenced to pay a $250 fine as well as a $10 assessment to the United States. (*Id.* at 2). On January 17, 2020, Judge Lane entered judgment, (Dkt.

---

[1] Because DeGarza was charged with a petty offense, he was not entitled to a jury trial. *See Baldwin v. New York*, 399 U.S. 66, 68 (1970); *Landry v. Hoepfner*, 840 F.2d 1201, 1205–06 (5th Cir. 1988).

[2] The regulation cited in the amended judgment, "31 CFR 1.218(a)(5)," is incorrect, referring to a nonexistent regulation. Specifically, the given regulation title number is incorrect, but the section number and nature of offense are correct. *United States v. DeGarza*, No. 1:19-MJ-719-ML (W.D. Tex. filed Jan. 21, 2020) (Am. Judgment, Dkt. 29). This clerical error is harmless since it does not affect DeGarza's substantial rights—not to mention that he had ample notice of the precise regulation under which he was charged. *See id.* (W.D. Tex. filed Nov. 22, 2019) (Petty Docs., Dkt. 1, at 1); Fed. R. Crim. P. 36; *United States v. Crawley*, 463 F. App'x 418, 420 (5th Cir. 2012) ("Amending a judgment merely to correct clerical errors does not make the substance of the original judgment vulnerable to attack."); *United States v. Garcia*, 310 F. App'x 683, 683 (5th Cir. 2009) (quoting *United States v. Steen*, 55 F.3d 1022, 1026 n.3 (5th Cir. 1995)) ("Rule 36 authorizes this court to correct only clerical errors, which exist when 'the court intended one thing but by merely clerical mistake or oversight did another.'"); *cf. United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014) (finding a clerical error "not harmless because it affect[ed] [the defendant's] substantial rights").

28), and on January 21, 2020, Judge Lane entered an amended judgment, (Dkt. 29). DeGarza, an attorney proceeding pro se,[3] timely filed a notice of appeal to this Court on January 22, 2020. (Dkt. 1; *see also* Order, Dkt. 2, at 2 (construing DeGarza's filing as a notice of appeal under Federal Rule of Criminal Procedure 58(g)(2)(B))). After providing DeGarza with the record of the proceedings before Judge Lane per Rule 58(g)(2)(C), (Order, Dkt. 5), the Court set a briefing schedule, (Order, Dkt. 9). DeGarza timely filed his opening brief, (Dkt. 10), and an addendum, (Dkt. 11). The government timely filed its response. (Dkt. 12). DeGarza then filed two motions "requesting assistance to be able to fairly . . . and justly challenge" a trial witness's statements. (Dkt. 13, 14). Each is the same but includes different attachments. DeGarza filed these motions by the deadline the

---

[3] Judge Lane correctly determined that DeGarza was not entitled to appointed counsel, and DeGarza did not retain counsel.

Defendants charged with offenses for which a sentence of imprisonment of any length may be imposed are generally entitled to appointed counsel. *Argersinger v. Hamlin*, 407 U.S. 25, 30–31 (1972); *Landry*, 840 F.2d at 1206. However, in cases "involving a petty offense for which no sentence of imprisonment will be imposed," defendants are not entitled to appointment of counsel. Fed. R. Crim. P. 58(a)(2), *see also* Fed. R. Crim. P. 44(a) (describing right to counsel). "Rule 44(a)'s guarantee of appointed counsel applies to all misdemeanors except those petty offenses in which a pretrial determination is made by the judge to exclude incarceration from the range of potential sentences. . . . The plain language requires a prospective pre-trial decision by the presiding judge that imprisonment will not be considered among the authorized sentences." *United States v. Downin*, 884 F. Supp. 1474, 1478–79 (E.D. Cal. 1995).

Here, the record shows that DeGarza was never subject to a potential sentence of incarceration. At DeGarza's initial appearance, Judge Lane noted the maximum possible sentence DeGarza faced, which included incarceration, and then asked the government whether it had "any serious intentions of requesting upon conviction, if [DeGarza] is convicted, any jail time?" *DeGarza* (W.D. Tex. filed Mar. 30, 2020) (Initial Appearance Tr., Dkt. 32, at 8:10–8:19). The government replied "[n]o," and DeGarza confirmed that he understood and did not object. *Id.* at 8:20–8:24. Judge Lane then stated that DeGarza was not entitled to appointed counsel "because the government has telegraphed to me that they are not going to seek a term of imprisonment." *Id.* at 9:8–9:11. Again, DeGarza confirmed that he understood and did not object. *Id.* at 9:15. Subsequently, at the beginning of the bench trial, Judge Lane reiterated "that the government is not seeking any form of imprisonment" if DeGarza were to be convicted, and the government agreed. *DeGarza* (W.D. Tex. filed Mar. 30, 2020) (Trial Tr., Dkt. 33, at 5:8–5:12). Thus, because DeGarza was never subject to a potential sentence of incarceration upon conviction in this case, he was not entitled to appointed counsel. *Cf. United States v. Wasson*, No. 2:15-CR-00054-BR, 2015 WL 9906312, at *2, 4 (D. Or. Jan. 22, 2015) (vacating petty offense convictions after the government "left open the possibility of jail time" for the defendant if convicted).

Court had set for his reply brief and did not file a separate reply brief. (*See* Order, Dkt. 9, at 1); Fed. R. Crim. P. 45(a)(1).

18 U.S.C. § 3402 provides that "[i]n all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." *See also* Fed. R. Crim. P. 58(g)(2)(B). Therefore, DeGarza's appeal to this Court is proper.

## II. LEGAL STANDARD

The scope of the Court's review of Judge Lane's judgment is "the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D).

In his opening brief, DeGarza challenges the sufficiency of the evidence supporting his conviction and presents an alternate version of events that contradicts trial witnesses' testimony. (*See* DeGarza Br., Dkt. 10, at 1–2). Generally, the appellate standard of review for "evaluating the sufficiency of the evidence supporting a conviction after a bench trial is whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty." *United States v. Mathes*, 151 F.3d 251, 252 (5th Cir. 1998). The Court "should not weigh evidence, nor should it determine the credibility of witnesses." *United States v. Turner*, 319 F.3d 716, 720 (5th Cir. 2003). Instead, it must "view all evidence in the light most favorable to the government and defer to all reasonable inferences drawn by the trial court." *Mathes*, 151 F.3d at 252. To reverse DeGarza's conviction, the Court "must conclude that no rational trier of fact could find substantial evidence indicating [his] guilt beyond a reasonable doubt after viewing the evidence in the light most favorable to the Government." *United States v. Adams*, 174 F.3d 571, 578 (5th Cir. 1999); *cf. United States v. Brown,* 186 F.3d 661, 664 (5th Cir. 1999) (quoting *United States v. Schuchmann,* 84 F.3d 752, 754 (5th Cir. 1996)) ("If 'the evidence viewed in the light most favorable to the prosecution gives equal or nearly equal

3

circumstantial support to a theory of guilt and a theory of innocence,' a defendant is entitled to a judgment of acquittal.").

### III. ANALYSIS

Because DeGarza challenges the sufficiency of the evidence supporting his conviction and argues that an alternate version of events is more plausible, (*see* DeGarza Br., Dkt. 10, at 1–2), the Court focuses on those issues in its analysis here.

For a conviction under 38 C.F.R. § 1.218(a)(5), the government must prove that DeGarza engaged in conduct on VA property "which create[d] loud or unusual noise," "impede[d] or disrupt[ed] the performance of official duties by Government employees," or involved "the use of loud, abusive, or otherwise improper language." *See, e.g.*, *United States v. Thomas*, No. 13-3370M-001-PHX-LOA, 2013 WL 5783408, at *3 (D. Ariz. Oct. 28, 2013). The Court treats this standard as disjunctive: the government need not prove multiple or all of 38 C.F.R. § 1.218(a)(5)'s enumerated elements to obtain a conviction. *United States v. Rone*, 61 F. App'x 535, 537 (10th Cir. 2003). While some circuits have held that the conduct must "tend to disturb the normal operation of a VA facility," the Fifth Circuit has not specified this requirement. *United States v. Agront*, 773 F.3d 192, 196 (9th Cir. 2014); *accord United States v. Renfro,* 702 F. App'x 799, 808 (11th Cir. 2017); *United States v. Williams*, 892 F.2d 1044, 1990 WL 811, at *2 (6th Cir. 1990). *But see Rone*, 61 F. App'x at 537 ("The government only had to establish at trial that the defendant used 'loud' or 'abusive' language while in the VA hospital, not any particular effect resulting from the use of such language."). In any case, the government must also prove that DeGarza engaged in this conduct knowingly. *See id.*at 538; *accord, e.g.*, *Thomas*, 2013 WL 5783408, at *3;*United States v. Dyers*, No. 1:06-MJ-455-AJB, 2007 WL 397109, at *9 (N.D. Ga. Jan. 30, 2007).

Viewing the evidence adduced at trial in the light most favorable to the government, the Court finds that the government has established that Judge Lane's finding of DeGarza's guilt was

supported by sufficient evidence. A rational trier of fact could find DeGarza guilty beyond a reasonable doubt on any and all of 38 C.F.R. § 1.218(a)(5)'s enumerated elements listed above. *See Adams*, 174 F.3d at 578.

The government presented evidence showing that the regulations governing conduct in the VA facility were posted at the entrance to the clinic where the events discussed at trial occurred. *DeGarza*, (W.D. Tex. filed Mar. 30, 2020) (Trial Tr., Dkt. 33, at 54:2–54:21). There was also ample evidence that DeGarza was inside a VA facility at all relevant times. *See, e.g., id.* at 55:20–56:11. Dr. Felici-West, the psychiatrist who saw DeGarza on the day in question, testified that DeGarza's voice was loud and irate and that he used abusive language including gendered and racial slurs, descriptions consistent with those offered by other witnesses. *See, e.g., id.* at 24:3–24:10, 27:2–27:6, 27:21–28:5, 41:18–42:5, 57:8–57:20, 69:20–69:25. She also testified that she told DeGarza "that the offices next door to me could hear him yelling." *Id.* at 28:13–28:15. This worried her because "many of the clients [in those offices] have PTSD and are triggered by boisterous yelling." *Id.* at 28:14–28:19. Dr. Felici-West stated that while "normally[,] I'm capable of having a patient deescalate and achieve some therapeutic alliance," at this point, "I was not able to get that, and I was becoming flustered by the verbal abuse that I . . . incurred through his behaviors. And so, I felt that I could no longer control the situation or achieve the goal of the encounter, and I pressed the panic button" to summon VA police. *Id.* at 32:6–32:12. When the VA police arrived, they saw other staff looking into the hallway to see what was happening. *Id.* at 57:16–57:20, 69:24–69:25. This testimony, taken in conjunction with the other evidence adduced at trial and viewed in the light most favorable to the

government, suffices to establish that DeGarza violated at least one of 38 C.F.R. § 1.218(a)(5)'s enumerated elements. *See Renfro*, 702 F. App'x at 808.[4]

DeGarza contested this version of events. *See, e.g.*, *DeGarza*, (W.D. Tex. filed Mar. 30, 2020) (Trial Tr., Dkt. 33, at 76:14–81:11, 88:17–89:7, 105:12–105:16, 116:4–116:7). But at sentencing, Judge Lane explicitly noted his finding that DeGarza did not "have much credibility at all." *Id.* at 117:25–118:2. Judge Lane also made findings on the record that DeGarza did not appear "oriented to time and place"; that he did not seem to understand where he was; that his "testimony lack[ed] linear thought and connection"; and that his "tone," "volume," "body language," and "affect" were unusual. *Id.* at 120:7–120:21. Finding no clear error, the Court does not disturb Judge Lane's credibility findings, so DeGarza's testimony and argument do not appreciably affect the Court's conclusion here. *See United States v. Hambright*, 944 F.3d 565, 566–67 (5th Cir. 2019).

However, given Judge Lane's findings concerning DeGarza's demeanor and the characteristics of his behavior at trial, the question of whether sufficient evidence was presented to establish that DeGarza "knowingly" violated 38 C.F.R. § 1.218(a)(5)'s requirement is a closer call. A mens rea of "knowingly" is "normally associated with awareness, understanding, or consciousness"; a knowing perpetrator is "conscious of [his] wrongdoing." *Arthur Andersen LLP v. United States*, 544 U.S. 696, 705 (2005). Still, on similar facts, courts have found that defendants acted knowingly. *See, e.g.*, *Renfro*, 702 F. App'x at 809 (defendant, who "had trouble modulating the volume of her voice" after surgery, "was resistant and frustrated and had raised her voice"; "when the officers directed her to quiet down, she told them that they could not tell her what to do, suggesting that she chose to be loud and disruptive"); *Rone*, 61 F. App'x at 538 (defendant, who "was suffering from the effects of

---

[4] "[T]here was sufficient evidence for a reasonable factfinder to find that Renfro's noise caused a disturbance that impeded the VA's normal operations. This evidence includes the testimony that as a result of Renfro's yelling and screaming, VA employees who had been working left their offices to check on what was happening."

an overdose of prescription medication," "was alert and aware of his surroundings," "could understand questions being asked of him and give appropriate answers," and "recognized individuals at the VA hospital whom he had met before"). Here, witnesses testified that DeGarza was asked to lower his volume and did not, *see, e.g.*, *DeGarza*, (W.D. Tex. filed Mar. 30, 2020) (Trial Tr., Dkt. 33, at 2:10–28:15), that he resisted following VA police's orders, *see, e.g.*, *id.* at 60:2–60:6, and that he was familiar with VA personnel, *see, e.g.*, *id.* at 79:25–80:1. While it may very well be that DeGarza was not in total command of his faculties during the incident in question, the Court must view the evidence in the light most favorable to the government and credit the reasonable inference Judge Lane drew from that evidence to find that DeGarza indeed acted knowingly.

## IV.  CONCLUSION

For the reasons discussed above, the Court **AFFIRMS** DeGarza's conviction for violating 38 C.F.R. § 1.218(a)(5). DeGarza's subsequent motions, (Dkt. 13, 14), are **MOOT**.

**SIGNED** on June 22, 2020.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE